UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FRANK ARMENTA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-445 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Frank Armenta is an inmate in the Texas Department of Criminal Justice–Criminal Institutions Division and currently is incarcerated at the Jester III Unit in Richmond, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. § 2254 on October 31, 2014.

The underlying conviction which is the subject of the petition is a 2013 Nueces County conviction for operating a motorized vehicle in a public place while intoxicated in violation of Texas Penal Code § 49.04. Because Petitioner had two prior convictions for operating a motor vehicle while intoxicated, the present conviction was enhanced to a third degree felony pursuant to Texas Penal Code § 49.09. Petitioner was sentenced to seven years imprisonment.

Petitioner makes five claims for habeas relief centered on the assertion that the State may not base an enhancement on convictions more than ten years old and that

originated in other states. He argues his constitutional rights have been violated, and he should be afforded habeas relief by this Court.

For the reasons set forth below, it is **RECOMMENDED** Respondent's Motion for Summary Judgment (D.E. 23) be **GRANTED** and Petitioner's application for relief (D.E. 1) be **DISMISSED** with prejudice. It is further recommended any request for a Certificate of Appealability be **DENIED**.

## I.     JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this Court because Petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.    BACKGROUND

### A.    PROCEDURAL HISTORY

On November 18, 2013, petitioner pled guilty to driving while intoxicated in violation of Texas Penal Code § 49.04. (D.E. 22-20 pp. 44-45). The crime, ordinarily a misdemeanor, was enhanced to a third degree felony pursuant to Texas Penal Code § 49.09(b) because Petitioner had two previous convictions for operating a vehicle while intoxicated, both of which originated in San Luis Obispo County, California in 1991. (D.E. 22-20 at 61), TEX. PENAL CODE ANN. § 49.09(b) ("An offense under Section 49.04… is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated…").

After Petitioner pled guilty to the present offense and pled true to the prior offenses, the state trial court accepted his plea agreement and sentenced him to a seven-year sentence. (D.E. 22-21 at 37). Petitioner did not appeal. (D.E. 1).

The Texas Court of Criminal Appeals denied Petitioner's state habeas claim without written order. (D.E. 1). On October 31, 2014, Petitioner filed this petition for a federal writ of habeas corpus. (D.E. 1). The respondent filed a Motion for Summary Judgment on April 7, 2015 and Petitioner replied on April 22, 2015. (D.E. 23, D.E. 25).

Respondent does not contest Petitioner's ability to bring this habeas motion based on procedural grounds. (D.E. 23). Respondent agrees Petitioner should not be barred by a failure to exhaust, the statute of limitations as described in 28 U.S.C § 2244(d), or the successive petition bar. (D.E. 23).

### B.     PETITIONER'S CLAIMS

Petitioner advances five claims for relief, centered on largely the same premise. He argues a provision of the Texas law governing the enhancement of a DWI crime to a felony prevents the consideration of offenses that occurred more than ten years before the crime at issue and occurred in other states. He asserts, because of this provision, his conviction should have been for a misdemeanor crime and not a third degree felony, yielding a lesser sentence. His enumerated claims are as follows:

1) Illegal Sentence: Petitioner argues the sentence applied by the State is illegal because prior convictions on which the enhancement was based occurred more than ten years before the present crime and they occurred in a different state.

2) Involuntary Plea: Petitioner argues his guilty plea was based on a failure to understand the consequences of his plea.

3) Insufficient Evidence: Petitioner argues there was insufficient evidence to support the enhancement of his DWI offense to a third-degree felony.

4) Prosecutorial Misconduct: Petitioner argues the State engaged in prosecutorial misconduct by violating his right to due process with the improper enhancement of his offense resulting in an illegal sentence.

5) Ineffective Assistance of Counsel: Petitioner argues his counsel rendered ineffective assistance by failing to investigate his prior DWI convictions to discover that out-of-state and ten-year-old convictions could not be used to enhance his conviction.

## III. STANDARDS

### A. SUMMARY JUDGMENT

Summary judgment is appropriate where a party has failed to show any genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(a). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

According to 28 U.S.C. § 2254, the statute governing federal habeas review of state convictions, a state court's findings are "presumed to be correct." This statute

overrides the ordinary summary judgment rule. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled in part on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Therefore, unless a petitioner is able to show by clear and convincing evidence that the state court was in error, a federal court will presume the state court was correct. 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

### B.   STANDARD OF HABEAS REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a state prisoner may only receive relief with respect to a claim adjudicated on the merits in state court proceedings if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254.

Therefore, federal courts conduct habeas review of state convictions only for violations of the Constitution or federal law, and do not review errors of state law. *See Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998).

In reviewing a state court's opinion denying a habeas petition, federal courts may not issue relief as long as "fair minded jurists could disagree" on the correctness of the State's opinion. *See Harrington v. Richter*, 526 U.S. 86, 101 (2011). Only where the state court's holding is objectively unreasonable may a federal court find for the petitioner. *See Woodford*, 537 U.S. 19, 27 (2002). "Section 2254(d) reflects the view

that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 526 U.S. at 102-03 (citation omitted).

IV.	ANALYSIS

    A.	ILLEGAL SENTENCE

Petitioner first argues the State's enhancement and resulting sentence were illegal because his prior convictions occurred out-of-state and more than ten years before the present crime. (D.E. 1). Petitioner's four additional claims revolve around this assertion. (D.E. 1).

First, Petitioner asserts his 1991 convictions could not be used as the basis for the present enhancement because they occurred more than ten years prior. (D.E. 1). At one time Petitioner may have been correct. Prior to 2005, subsection 49.09(e) of the Texas Penal Code provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. TEX. PENAL CODE ANN. § 49.09(e) (repealed 2005). However, the Texas Legislature repealed subsection 49.09(e) and eliminated the ten-year requirement, effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; *see also Klotz v. Thaler*, 2010 WL 1170622 at *6 (W.D. Tex. 2010). At the time of Petitioner's conviction in 2013, subsection 49.09(e) had no bearing, and did not preclude the State from enhancing Petitioner's crime to a third degree felony based on his two prior convictions. Subsection 49.09(e) had been repealed at the time Petitioner was convicted and as such, there was no bar to the use of his prior convictions for remoteness of time.

Petitioner's claim that his previous convictions could not be used to enhance his sentence because they occurred in another state is also inaccurate. Texas Penal Code § 49.09(c)(1)(F) specifically allows that convictions may be used as the basis for enhancement under § 49.09 if those convictions take place in other states as long as they are for the operation of a motorized vehicle while intoxicated. TEX. PENAL CODE ANN. § 49.09(c)(1)(F) (describing an offense that may be used for enhancement as "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated"). Because the statute allows that out-of-state convictions may be used, there was also no bar to the use of Petitioner's prior convictions for remoteness of location.

Petitioner has failed to show that his enhancement was illegal, either because his prior convictions occurred in another state or because they occurred more than ten years prior, and has therefore failed to prove that the state court's ruling was objectively unreasonable. Therefore, his petition for habeas relief should be denied on these grounds.

### B.   INVOLUNTARY PLEA

Petitioner next argues his plea was involuntary because he did not understand its consequences and he was not properly admonished. (D.E. 1).

A federal court will uphold a guilty plea on habeas review if the plea was knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "On federal **habeas** review, it suffices if a defendant is informed of the maximum term of imprisonment. 'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985) (citation omitted). If a defendant understands the

nature of the charges and the consequences of pleading and chooses to plead anyway, the plea should be upheld on federal review. *Diaz v. Martin,* 718 F.2d 1372, 1376-77 (5th Cir. 1983).

Further, state documents are afforded a presumption of correctness under federal habeas review. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct."). This includes admonishments given prior to pleas. *See Carter v Collins*, 918 F.2d 1198,1202 (5th Cir. 1990).

State court documents show Petitioner was admonished as to the maximum sentence available for his crime. (D.E. 22-20 pp. 47-56). He received and signed a written admonishment detailing the minimum and maximum punishments for a third degree felony as "imprisonment for any term of not more than 10 years or less than 2 years, and by a fine not to exceed $10,000." (D.E. 22-20 pp. 47-56). After being adequately admonished as to the maximum sentence, Petitioner pled guilty. (D.E. 22-20 pp. 44-45).

Absent evidence to the contrary, of which Petitioner has provided none, this Court will presume the sufficiency of the state court's admonishments. Petitioner has failed to overcome the presumption of correctness afforded to state court documents, and has failed to raise a constitutional challenge.

### C.   INSUFFICIENT EVIDENCE

Petitioner argues the State lacked sufficient evidence to enhance his sentence to a felony conviction.

State courts are under no constitutional obligation to establish a factual basis for defendant's guilt prior to his acceptance of a guilty plea unless a judge has specific notice that such an inquiry is required.  *Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986).  By pleading guilty to the current offense, and true to the prior offenses, Petitioner obviated the state court's requirement to establish his guilt by factual inquiry.

Petitioner has failed to show insufficient evidence existed to support his conviction, and this claim too should fail.

### D.   PROSECUTORIAL MISCONDUCT

Petitioner further argues that the allegedly erroneous enhancement of his crime constitutes misconduct on the part of the prosecutor, thereby violating his right to due process.

As stated above, Petitioner's sentence was enhanced in accordance with the law.  The prosecutor applied the law appropriately, and did not engage in any conduct that would "so infect the trial with unfairness as to make the resulting conviction a denial of due process."  *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (citations omitted).

No conduct on the part of the prosecutor amounts to misconduct that would violate Petitioner's constitutional rights and relief should be denied on this claim.

### E.    INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Petitioner argues counsel failed to investigate his prior convictions and failed to discover that those convictions could not provide the basis for a felony enhancement.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court described a two-part test to determine whether a defendant's counsel had provided ineffective assistance.  466 U.S. at 687.  To establish that counsel's assistance was ineffective sufficient to raise a constitutional claim, Petitioner must show 1) counsel's performance was deficient and 2) those errors were so severe as to deprive defendant of a fair trial. *Id.*

As stated above, Petitioner's prior convictions were available to be used as the basis for the enhancement. As such, there was nothing for counsel to discover.  Petitioner has failed to show any act or omission on the part of counsel that rises to the level of a constitutional violation.  Since there was no applicable provision for counsel to discover, counsel's actions were not deficient, did not lead to an unfair trial, and so did not violate Petitioner's constitutional right.

Because Petitioner has failed to show ineffective assistance of counsel, this claim for relief should also be denied.

### V.    CERTIFICATE OF APPEALABILITY

Although Petitioner has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA *sua sponte. Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make such a showing

10 / 12

Petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson,* 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated above, Petitioner has not made a substantial showing of a denial of a constitutional right. Therefore, the Court should deny a Certificate of Appealability in this action.

## VI. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 23) be **GRANTED**, Petitioner's Motion for Writ of Habeas Corpus (D.E. 1) be **DENIED** and any request for a Certificate of Appealability be **DENIED**.

ORDERED this 17th day of June, 2015.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).