UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK ARMENTA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-445 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 23), seeking dismissal of Petitioner Frank Armenta's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1). On June 12, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") (D.E. 26), recommending that Respondent's motion be granted and that Petitioner's claims be dismissed with prejudice and Certificate of Appealability be denied. Petitioner timely filed his objections on July 9, 2015 (D.E. 28).

Petitioner based his writ of habeas corpus on five claims for relief,[1] each of which was fully addressed by the Magistrate Judge in his M&R (D.E. 26, pp. 6–10). As the Magistrate Judge noted, each of Petitioner's claims are centered largely on the same premise: that the enhancement and his resulting sentence were illegal because his prior convictions occurred out-of-state and more than ten years before the present crime (D.E. 26, p. 6). This premise, and Petitioner's arguments that follow, are based on outdated

---

[1] Petitioner's five claims are: (1) illegal sentence; (2) involuntary plea; (3) insufficient evidence; (4) prosecutorial misconduct; and (5) ineffective assistance of counsel. D.E. 1, p. 12.

law, and the Magistrate Judge was correct to dismiss them as moot, based on current law. Petitioner's objections to the Magistrate Judge's determination are, with one exception, merely reassertions of his original arguments with no new arguments or identification of any defects in the M&R's reasoning (D.E. 28, p. 2). For the reasons discussed in the Magistrate Judge's M&R, these objections are without merit. Seeing no error in the Magistrate Judge's conclusions on these claims, Petitioner's objections are **OVERRULED**.

The one original objection is that the indictment is "void" on its face (D.E. 28, p. 3) for the reason that its citation to his prior convictions is inaccurate. *Id.* Petitioner challenges the indictment, complaining that the prior offenses, listed as cause numbers 16650 and F280636, are said to have occurred on March 28, 1991, in "the Superior Court of California of San Luis Obispo County, Texas," (D.E. 22–1, pp. 5–6), and he was "never convicted on this date" and "no such place exist[s]" (D.E. 28, p. 3). Petitioner asserts these errors render his indictment void and his sentence illegal. *Id.*

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). This "exhaustion requirement" is satisfied only when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas

petition." *Reed v. Stephens*, 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). As Petitioner did not present the alleged error in the indictment to the Texas Court of Criminal Appeals during his state habeas proceeding, he is procedurally barred from raising it now. *Id.* Accordingly, Petitioner's objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 26), as well as Petitioner's objections (D.E. 28), and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 14th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE