Case 2:14-cv-00445   Document 33   Filed in TXSD on 12/08/15   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK ARMENTA, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-445 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

# ORDER

Petitioner has moved the Court to stay this action to allow him time to exhaust his state court remedies. (D.E. 32). After consideration, the Motion is **DENIED**. Petitioner filed this action on October 31, 2014, challenging his 2013 Nueces County conviction for operating a motorized vehicle in a public place while intoxicated in violation of Texas Penal Code § 49.04.[1] (D.E. 1). On April 7, 2015, Respondent filed a Motion for Summary Judgment and on June 17, 2015, Magistrate Judge Jason B. Libby entered a Memorandum and Recommendation ("M & R") recommending Petitioner's case be summarily dismissed. (D.E. 26). On July 9, 2015, Petitioner, in his objections to the M & R, raised a ground for relief not previously raised in either his state or federal habeas petitions.[2] Specifically, Petitioner asserted his indictment is "void" on its face and his sentence is illegal because the indictment incorrectly lists prior offenses 16650 and

---

[1] Pursuant to a plea agreement, Petitioner pled guilty, pled true to two prior DWI convictions and pursuant to the terms of the plea agreement, the trial court found him guilty and sentenced him to seven (7) years' imprisonment. (D.E. 22-2, Pages 62-70 and D.E. 22-3, Pages 1-11).

[2] Petitioner had previously raised the following grounds for relief: (1) illegal sentence; (2) involuntary plea; (3) insufficient evidence; (4) prosecutorial misconduct; and (5) ineffective assistance of counsel. (D.E. 1, Pages 12-13).

F280636 which are said to have occurred on March 28, 1991 in "the Superior Court of California of San Luis Obispo County, Texas." (D.E. 22-1, Pages 5-6; D.E. 28, Page 3 and D.E. 29, Page 2). Petitioner states he was "never convicted on this date" and "no such place exist[s]." (D.E. 28, Page 3).

On September 14, 2015, this Court adopted the M & R, dismissed this action and entered final judgment, finding Petitioner did not present the newly alleged ground for relief to the Texas Court of Criminal Appeals during his state habeas proceeding and he is therefore procedurally barred from raising it in federal court. (D.E. 29, Pages 2-3). Petitioner did not appeal this final judgment. On November 20, 2015, Petitioner filed the pending Motion requesting the Court stay the judgment until such time as he exhausts his state court remedies on this newly raised ground for relief. (D.E. 32, Page 2). Petitioner alleges he did not present this alleged error to the Texas Court of Criminal Appeals during his state habeas proceeding because he did not have the records available to him at the time he filed. (D.E. 32, Page 2).

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). Where a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). However, stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no

indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)(stay and abeyance could frustrate AEDPA's objectives of encouraging finality and streamlining federal habeas proceedings so it should be available only in limited circumstances). Contrary to Petitioner's assertion, he has not demonstrated circumstances warranting a stay.

Petitioner did not raise this unexhausted ground for relief in his state habeas petition, in this federal habeas petition, or in his response to Respondent's Motion for Summary Judgment. (D.E. 1 and D.E. 25). Rather, Petitioner raised it for the first time as an objection to the M & R recommending his action be dismissed. Additionally, Petitioner did not seek a stay of this case until two months after this action was dismissed and final judgment was entered. This is indicative of dilatory litigation tactics.

Further, Petitioner has not shown good cause for his failure to exhaust this claim before he filed his federal petition. As part of his plea agreement, Petitioner signed a "Judicial Confession and Stipulation" which states:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on March 28, 1991, in cause number 16650 in the Superior Court of California of San Luis Obispo County, Texas, I was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on March 28, 1991, in cause number F280636 in the Superior Court of California of San Luis Obispo County, Texas, I was convicted of an offense relating to the operating of a motor vehicle while intoxicated. (D.E. 22-3, Page 11).

Therefore, Petitioner signed a judicial confession admitting to two prior DWI offenses as listed in the indictment and had knowledge of the alleged errors related to the location and date of the prior offenses before pleading guilty.

Moreover, his unexhausted claim is not potentially meritorious. The United States Court of Appeals for the Fifth Circuit has "consistently demonstrated deference to state court determinations of state law, including jurisdictional determinations based on state law." *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009). "This deference is illustrated in [the Fifth Circuit's] decisions involving challenges to the sufficiency of a state indictment." *Id.* "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)(citation omitted); *Alexander v. McCotter*, 775 F.2d 595, 598 (1985)(citation omitted). For an indictment to be "fatally defective," "no circumstances can exist under which a valid conviction could result from facts provable under the indictment." *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988)(citation omitted); *see also McKay*, 12 F.3d at 69 ("An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted.")(citation omitted). Therefore, if Petitioner did file a state habeas action raising this argument and the state habeas court finds the indictment is sufficient, this claim is foreclosed to federal habeas review. *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007). Further, even if this Court were to reach this issue on the merits, there is no evidence that the convicting court did not have jurisdiction as the indictment charges Petitioner with operating a motor vehicle in a public place while intoxicated on October 20, 2012, with two prior offenses. (D.E. 22-1, Pages 5-6); *see also Bomer v. Dretke*, No. SA-05-CA-0260, 2005 WL 2086033, at *3 (W.D. Tex. Aug. 18, 2005)(Petitioner's indictment is not "fatally

defective" if the petitioner was aware he was being charged for the third time with DWI)(citation omitted).

Moreover, each of Petitioner's exhausted claims are centered largely on the same premise: that the enhancement and his resulting sentence were illegal because his two prior convictions occurred out of state and were more than ten years before the present crime. (D.E. 1 and D.E. 29). Petitioner does not argue that he did not have two prior convictions for the same or related offense and, for reasons previously stated, his sentence was properly enhanced to a third degree felony because of them. (D.E. 26 and D.E. 29). Therefore, Petitioner has not shown how he was prejudiced because of the alleged incorrect date and location of his prior offenses in the indictment.

The Court has discretion to grant a stay to allow Petitioner to exhaust state remedies and avoid the effects of the AEDPA's statute of limitations but should not exercise this discretion when the unexhausted claims are "plainly meritless." *Rhine*, 544 U.S. at 277-78. The Court has considered Petitioner's additional ground for relief and finds it is without merit for purposes of granting the pending Motion to Stay. Therefore, the Motion is **DENIED**. (D.E. 32).

ORDERED this 8th day of December, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE